IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                         Case No. 10-CR-620 JEC

TIA SILVEY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendant Tia Silvey's Motion to Bar Retrial of Defendant Silvey and to Dismiss the Case* (Doc. 86), filed September 14, 2010.  Having reviewed the Motion and being otherwise fully informed in the premises, the Court will DENY the Motion, as set forth below.

## I.    BACKGROUND

This lawsuit arises out of a roadblock on Interstate Highway 40, where Defendant Silvey was stopped driving a white Daewoo sedan in which State Police found 323 grams of methamphetamine.  Defendant and her passenger, Francisco Javier Solorio-Mondragon, were subsequently indicted for drug conspiracy and possession with intent to distribute.

On the first day of trial, Defendant Solorio-Mondragon pled guilty to the face of the indictment.  During his opening statement, Defendant's attorney, D. Chipman "Chip" Venie, referenced out-of-court statements made by Mr. Solorio-Mondragon.  The Government objected, and the Court ruled that Mr. Solorio-Mondragon's statements would be admitted.  At the close of the first day of trial, the Government renewed its objection to the admissibility of Mr. Solorio-Mondragon's statements, and the Court took the matter under advisement.

Thereafter, prior to the second day of trial, Defendant filed her *Motion for a Mistrial Should the Court Reverse Its Own Twice Issued Ruling Regarding Admissibility of Mr. Solorio-Mondragon's Statements* (Doc. 62), filed August 18, 2010 ("Motion for Mistrial").  In her Motion for Mistrial, Defendant stated that "it is assumed that the court will have rescinded its twice-issued rulings regarding the admission of Mr. Solorio-Mondragon's statements."  *Id.* at 3. Defendant further asserted that in the event the Court were to change its mind and find that Mr. Solorio-Mondragon's statements were not admissible, "a mistrial should be granted."  *Id.* at 4. Defendant articulated its position clearly, stating that "[i]f the court wants to reverse course now, [after the Government's case was almost completely tried based upon one set of rulings,] a mistrial is appropriate."  *Id.*

On the second day of trial, the Court heard argument outside the presence of the jury concerning the admissibility of Mr. Solorio-Mondragon's statements, and issued the following ruling on the record:

> THE COURT: All right. Having reviewed the relevant law, including the *Smalls* case, I have reconsidered my ruling from the bench yesterday, and I will not allow the evidence to come in. I will put forth a written opinion detailing my reasons. And that's the evidence given by Solorio-Mondragon in his post-arrest statements.

*Transcript, Vol. II* (Doc. 68) at 187:14-20.  Defendant's attorney immediately responded, stating:

> MR. VENIE: Your Honor, at this time, then, we would renew our motion for a mistrial based upon the reasons stated at the bar and also based upon the reasons filed.

*Id.* at 187:21-24.  The Court initially denied Defendant Silvey's Motion, *id.* at 187:25-188:1, but permitted Defendant's attorney to re-argue the matter after a brief recess, *id*. at 189.  The Court then granted a mistrial, and Defendant Silvey was set for re-trial.  *Id.* at 194.  The Court also

issued a written order granting a mistrial, confirming, "I granted Silvey's motion for a mistrial against the government's objection." *Order Granting Mistrial* (Doc. 65), filed August 25, 2010.

In the instant Motion, Defendant Silvey contends that she cannot be re-tried because the Court goaded her attorney into moving for a mistrial. She argues, "it is clear the defense counsel did not wish to move for the mistrial, but did so only after the court reversed course on a key evidentiary issue." *Motion* at 7.

## II.     LEGAL STANDARD

No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V (emphasis added). Double jeopardy generally does not attach, however, where a mistrial is declared at the defendant's request. *United States v. Dinitz*, 424 U.S. 600, 607, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976) (holding that "a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, *even if the defendant's motion is necessitated by prosecutorial or judicial error*" (emphasis added)).

Defendant's attorney seeks to distinguish his request for a mistrial from this general rule, arguing that he was somehow "goad[ed]" into moving for a mistrial. Indeed, the Double Jeopardy Clause "bars retrials where bad-faith conduct by judge or prosecutor threatens the harassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict the defendant." *Dinitz*, 424 U.S. at 611 (internal citations and quotations omitted). But in the absence of "governmental actions intended to provoke mistrial requests," *id.*, where the defendant "retain[s] primary control over the course to be followed in the event of such error," then the Double Jeopardy Clause does not preclude re-trial, *id.* at 609.

## III.     DISCUSSION

3

The facts of this case do not trigger Double Jeopardy such that Defendant Silvey may not be re-tried.  The Court did not grant a mistrial *sua sponte*, and there are no facts to suggest that Defendant was goaded into moving for a mistrial.

When Defendant's attorney sought to reference certain statements by Mr. Solorio-Mondragon in opening statement, the Court ruled, over objection by the Government, that the statements would be admitted.  As the trial progressed, the Court reconsidered.  Defendant has not argued there was anything untoward in the Court's reconsideration of its evidentiary rulings. *Motion for Mistrial* at 3 (acknowledging that "the judge has every right to change his mind on the admissibility of evidence").  Certainly, there is no evidence that the Court changed its mind in bad faith, intending to provoke a mistrial.  Defendant at all times retained control over the course, whether the case would end in mistrial or proceed despite the Court's reconsideration of its evidentiary ruling.  As such, the Double Jeopardy Clause is not implicated, and re-trial will proceed as scheduled.

## IV.    CONCLUSION

Wherefore, IT IS ORDERED that *Defendant Tia Silvey's Motion to Bar Retrial of*

*Defendant Silvey and to Dismiss the Case* (Doc. 86), filed September 14, 2010, is DENIED.

Trial will proceed in this matter as scheduled.

September 14, 2010.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
John C. Anderson, AUSA
Nicholas Jon Gangei, AUSA
Albuquerque, NM

Attorney for Defendant Silvey:
D. Chipman Venie, Esq.
Albuquerque, NM